AO 245C (SCDC Rev.11/16) Sheet 1 - Amended Judgment in a Criminal Case                          (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA                    **AMENDED JUDGMENT IN A CRIMINAL CASE**
                            vs.
ROBERT  DANE  FREEMAN

                                            Case Number: 4:14CR00426 BHH (2)
**Date of Original Judgment**: 5/23/2016     USM Number: 27709-171
*(or Date of Last Amended Judgment)*

                                            Michael Allen Meetze, AFPD
                                            Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))    ☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))    ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))    ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

                                            ☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

■ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)    ☐ Modification of Restitution Order (18 U.S.C. §3664)

**THE DEFENDANT:**

■ pleaded guilty to <u>Count 4 of the indictment</u> on <u>March 4, 2015</u>.
☐ pleaded nolo contendere to Count(s) on which was accepted by the court.
☐ was found guilty on Count(s) on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:1343 and 1349 | Please see indictment | 7/31/2009 | 4 |

        The defendant is sentenced as provided in pages 2 through  8   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s).
■ Count(s) <u>1, 3 - 5</u> ☐ is ■ are  dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

December 12, 2016
Date of Imposition of Judgment

s/ Bruce Howe Hendricks

Signature of Judge

Hon. Bruce Howe Hendricks   U. S. District Judge
Name and Title of Judge

December 12, 2016
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: ROBERT DANE FREEMAN-
CASE NUMBER: 4:14cr426-BHH-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TIME SERVED.

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m.    ☐ p.m. on _____.
☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: ROBERT DANE FREEMAN
CASE NUMBER: 4:14cr426-BHH-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years with conditions:

The Defendant shall call the Probation Office once per week.
The Defendant shall obtain employment.
The Defendant shall continue to pay restitution at a rate of not less than $700 per month.   Interest is waived.
The Court reserves the right to increase payments based upon any increase in financial status.
The Defendant shall submit financial documents and verification of income to the U.S. Probation Officer as requested.
The Defendant shall not open additional lines of credit without the approval of the U. S. Probation Office.
The Defendant shall not travel without permission from the Courtr.
   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

■   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

DEFENDANT: ROBERT DANE FREEMAN

CASE NUMBER:4:14cr426-BHH-2

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | <u>Assessment</u> | <u>Fine</u> | <u>Restitution</u> |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$** | **$ 3,327,494.11** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| <u>Name of Payee</u> | <u>Total Loss*</u> | <u>Restitution Ordered</u> | <u>Priority or Percentage</u> |
|---|---|---|---|
| SEE ATTACHED | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea agreement    **$_____**
☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).
■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■ The interest requirement is waived for the ☐ fine ■ restitution.
    ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
    Sheet 5 - Schedule of Payments

DEFENDANT: ROBERT DANE FREEMAN
CASE NUMBER: 4:14cr426 BHH-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $ 100.00 (special assessment) and $3,327,494.11 (restitution) due immediately, balance due

       □ not later than _____ , or

       ■ in accordance with □ C, ■ D, or □ E, or □ F below: or

B  □  Payment to begin immediately (may be combined with □ C, □ D, or □ F below); or

C  □  Payment in equal _____(weekly, monthly, quarterly) installments of $_____ over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after the date of this judgment; or

D  ■  Payment in equal monthly installments of not less than $700.00 per month to commence *30 days* after release from imprisonment; or

E  □  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  □  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several
    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate. See pages 6 - 8 for payees
    4:14cr00426BHH(2) Defendant Robert Dane Freeman - joint & several amount $3,327,494.11 *
    4:14cr00426BHH(1) co defendant Michael Mark McAdams joint & several amount $3,327,494.11*
    4:14cr00426 BHH(3)**co defendant Charles Lowell Walker Total Amount $** 4,327,494.41 - joint & Several   amount $3,327,494.11

□  The defendant shall pay the cost of prosecution.

□  The defendant shall pay the following court cost(s):

□  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed 4/22/15 and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT NAME:     Robert Dane Freeman
CASE NUMBER:        4:14CR00426-002

### RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|---|
| 1 | Invest with Trust Consultants | $124,000.00 | $124,000.00 | |
| 2 | Jennifer Malone | $5,000.00 | $5,000.00 | |
| 3 | Philip Garrett | $1,000.00 | $1,000.00 | |
| 4 | C-2 Management, Inc. | $10,000.00 | $10,000.00 | |
| 5 | Robin Salmon | $8,000.00 | $8,000.00 | |
| 6 | Wendi Wilson | $10,000.00 | $10,000.00 | |
| 7 | Rodney Yarbrough | $12,000.00 | $12,000.00 | |
| 8 | Ed Davis | $20,000.00 | $20,000.00 | |
| 9 | A2Z Unlimited, Inc. | $20,000.00 | $20,000.00 | |
| 10 | Bruce J. Koenigsfeld | $20,000.00 | $20,000.00 | |
| 11 | CCW Management, LLC | $20,000.00 | $20,000.00 | |
| 12 | David Brick | $2,000.00 | $2,000.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 13 | David C. Pizzuto | $20,000.00 | $20,000.00 | |
| 14 | Don Duede | $2,000.00 | $2,000.00 | |
| 15 | EGS Enterprises | $20,000.00 | $20,000.00 | |
| 16 | Jason Meyer | $20,000.00 | $20,000.00 | |
| 17 | Joyce Lang | $20,000.00 | $20,000.00 | |
| 18 | Lloyd Ott | $20,000.00 | $20,000.00 | |
| 19 | Matthew P. Houle | $20,000.00 | $20,000.00 | |
| 20 | Maurice L. Mills | $20,000.00 | $20,000.00 | |
| 21 | Nicole Ann Deveroe | $20,000.00 | $20,000.00 | |
| 22 | Randon R. Russel | $40,000.00 | $40,000.00 | |
| 23 | Resort Capital, LLC | $20,000.00 | $20,000.00 | |
| 24 | Roger Dale Grubb | $20,000.00 | $20,000.00 | |
| 25 | Sam A. Roham | $20,000.00 | $20,000.00 | |
| 26 | Silvercrest Funding, LLC | $20,000.00 | $20,000.00 | |
| 27 | Thomas J. Ruhl | $5,230.27 | $5,230.27 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 28 | Tree of Life International | $20,000.00 | $20,000.00 | |
|----|---------------------------|------------|------------|--|
| 29 | Sell-Well Holdings, LLC | $20,000.00 | $20,000.00 | |
| 30 | George W. Harding, III | $25,000.00 | $25,000.00 | |
| 31 | John Williamson | $30,000.00 | $30,000.00 | |
| 32 | James Fortune | $50,000.00 | $50,000.00 | |
| 33 | Richard S. West | $17,313.84 | $17,313.84 | |
| 34 | Stephen C. Larkin | $50,000.00 | $50,000.00 | |
| 35 | Commonwealth Bank of Australia | $59,950.00 | $59,950.00 | |
| 36 | Gold Securities, LLC | $110,000.00 | $110,000.00 | |
| 37 | ST Ventures, LLC | $76,000.00 | $76,000.00 | |
| 38 | CF Properties | $405,000.00 | $405,000.00 | |
| 39 | Ralph Jones | $1,425,000.00 | $1,425,000.00 | |
| 40 | Riverdream Entertainment | $500,000.00 | $500,000.00 | |
| | **Total** | **$3,327,494.11** | **$3,327,494.11** | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:14-CR-426-BHH-2 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT DANE FREEMAN | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
ROBERT DANE FREEMAN

This matter is before the court on the motion of the United States for a Preliminary

Order of Forfeiture as to Defendant Robert Dane Freeman ("Freeman", "Defendant"),

based upon the following:

1.      On June 17, 2014, an Indictment was filed charging Freeman with the

following:

Counts 1-3:   Wire fraud, in violation of 18 U.S.C. § 1343;

Count 4:      Conspiracy to commit wire fraud, in violation of 18 U.S.C. §
              1349;

Count 5:      Money laundering, in violation of 18 U.S.C. § 1956.

2.      Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture

allegation providing that upon Freeman's conviction, certain properties enumerated

therein, or equivalent substitute assets, would be subject to forfeiture to the United

States.  As specified therein, such assets include, but are not limited to the following:

Order, p. 1 of 4

Cash Proceeds/Money Judgment[1]:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment or traceable to such property, that is, a minimum of $3,500,000.00 in United States currency for which the Defendants are jointly and severally liable.

3.    On March 4, 2015, Freeman pled guilty to Count 4 of the Indictment, which charges conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Freeman has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Robert Dane Freeman, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.    FORFEITURE IS ORDERED against Freeman and in favor of the United States in the amount of $2,499,999.99, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961.  The United States may at any time move

---

[1] The Indictment lists a money judgment for a *minimum* of approximately $3,500,000.00. However, the government is only seeking a money judgment in the amount of $2,499,999.99 against this defendant.

pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.    The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.    Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.    The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.    Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.    The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.    The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.


/s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

This 22nd day of April, 2015

Florence, South Carolina